**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

TODD W. WHITE, ET AL.                          CIVIL ACTION NO. 08-1491

VERSUS                                         JUDGE S. MAURICE HICKS, JR.

GREAT WEST CASUALTY CO., ET AL.                MAGISTRATE JUDGE HAYES

**MEMORANDUM ORDER**

Before the Court is Plaintiffs' Opposition and Motion in Limine to Strike Defense Exhibits (Record Document 21). To date, Defendants have filed no response. For the reasons which follow, the Plaintiffs' opposition/motion is **GRANTED**.

Plaintiffs' Opposition and Motion involves two issues:

1. Should the previously nondisclosed exhibits be disallowed at trial?

2. Should the reports of Dr. Kent, Dr. Juneau, and Dr. Bain be disallowed as trial exhibits?

Record Document 21-2 at 1.

**Previously Nondisclosed Exhibits**

On October 1, 2009, Defendants submitted their final trial exhibits, which included Exhibits 47-55.[1] According to Plaintiffs, these exhibits were not previously disclosed in discovery, specifically in response to Interrogatory No. 19. Likewise, the exhibits were not listed in the Joint Pretrial Order submitted by the parties, which was adopted by the Court.

Plaintiffs argue that all of these exhibits, except the lumbar spine model (Exhibit 47) warrant consideration by experts. Plaintiff maintain that with no awareness of the intention

---

[1] The exhibits consist of Exhibit 47 (Lumbar Spine Model); Exhibits 48-50 (Lumbar Spine Drawings); Exhibit 51 (Occupant Kinematics Drawing); Exhibit 52 (G Force Acceleration Graph, titled as an EDSMAC Simulation); Exhibit 53 (Lumbar Spine Peak G Force Acceleration Chart); Exhibit 54 (Representative Scale Diecast Models); and Exhibit 55 (EDSMAC Simulation). See Record Document 21-2 at 4.

to offer simulations, technical drawings and such, two of their experts were released. Accordingly, these exhibits should be excluded.

The Court agrees that Exhibits 47-55 should be excluded. The jury trial in this matter is set to commence in approximately five days. The instant motion was filed on October 5, 2009. To date, no response has been filed and no explanation as to why Exhibits 47-55 were not previously disclosed has been presented to the Court. The Federal Rules of Civil Procedure state that "[t]he [C]ourt may modify the [pretrial] order issued after a final pretrial conference only to prevent manifest injustice." F.R.C.P. 16(e). Here, the Court adopted the pretrial order as filed following the pretrial conference. See Record Document 14. Defendants have not met the manifest injustice burden, as they have not responded to the Plaintiffs' opposition/motion. The Fifth Circuit has also held that district courts have discretion in this matter and can allow amendment of the pretrial order "where no surprise or prejudice to the opposing party results." Quick Technologies, Inc. v. Sage Group PLC, 313 F.3d 338, 346 (5th Cir.2002). However, Plaintiffs have alleged both surprise and prejudice in this case and the discretionary exception to Rule 16(e) does not appear to apply. Accordingly, Plaintiffs' Opposition and Motion in Limine to Strike Defense Exhibits is **GRANTED** as to Exhibits 47-55.[2]

**Reports of Dr. Kent, Dr. Juneau, and Dr. Bain**

Defendants' final trial exhibit list also includes the reports of Dr. Ted Bain (Exhibits

---

[2] Plaintiffs' later filed a motion entitled "Plaintiffs' Opposition to Defense Exhibits." See Record Document 24. This filing appears to be identical to the earlier filing, except for the addition of a third issue: "If not stricken for not having been disclosed, should Dr. Bain's exhibits related to the EDSMAC computer program be disallowed." Record Document 24-2 at 1. Because the Court excluded the exhibits "for not having been disclosed," it need not reach the third issue set forth by Plaintiffs.

39-40), the report of Dr. Richard Kent (Exhibit 42), and the report of Dr. Patrick Juneau (Exhibit 45). In the proposed pretrial order submitted by the parties, Plaintiffs objected to the use of reports on the grounds of hearsay. During the pretrial conference, the parties and the Court discussed these objections and the Court recalls that it informed the parties that no reports would be admitted if the witness, i.e., the author of the report, was presented by live or deposition testimony. The Court's notes from the pretrial conference also reflect that the objections relating to the reports had been or would be resolved amongst the parties and required no action by the Court. See Record Document 14 at 2.

Defendants' final will call witness list includes Dr. Juneau (video deposition), Dr. Bain (live witness), and Dr. Kent (video deposition). Thus, the Court agrees that the admission of the aforementioned expert reports would run afoul of the hearsay rules set forth in Federal Rules of Evidence 801, *et seq.* Accordingly, Plaintiffs' Opposition and Motion in Limine to Strike Defense Exhibits is **GRANTED** as to Exhibits 39-40, 42, and 45.

Based on the foregoing, Plaintiffs' Opposition and Motion in Limine to Strike Defense Exhibits (Record Document 21) is **GRANTED**. Defendants' exhibits 39-40, 42, 45, and 47-55 are hereby **EXCLUDED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 8th day of October, 2009.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE