**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| TODD W. WHITE, ET AL. | CIVIL ACTION NO. 08-1491 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GREAT WEST CASUALTY CO., ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

Before the Court is a Motion for Judgment as a Matter of Law, Conditional Motion for New Trial, and Alternative Motion for New Trial (Record Document 39) filed by Plaintiffs Todd White and Ginger White. The motion is opposed by Defendants Daniel J. Embree, Marten Transport, Ltd., and Great West Casualty Company. See Record Document 41.

This action for damages as a result of a vehicular accident came on for jury trial October 13-15, 2009. See Record Documents 29-31. The jury returned a verdict assessing 50% fault to Defendant Daniel Embree and 50% fault to Plaintiff Todd White. See Record Document 37. The jury awarded $127,960 for past medical expenses and $50,000 for past and future pain and suffering, scarring, disfigurement, disability, emotional anguish and distress. See id. A judgment in favor of Plaintiff Todd White and against Defendants Daniel J. Embree, Marten Transport, Ltd., and Great West Casualty Company in solido in the amount of the $177,960, to be reduced by 50% based on the allocation of fault assigned by the jury, for a total of $88,980 was entered on October 20, 2009. See Record Document 38.

The jury deliberated approximately three and one half hours, beginning at 4:10 p.m. and concluding at 7:50 p.m. See Record Document 31. During their deliberations, the jury wrote three notes to the undersigned. The first note, written at 5:42 p.m., read: "Can both

the defendant and plaintiff be equally at fault or not liable at all." Record Document 36 at 1. At 6:05 p.m.,[1] the undersigned answered: "Yes." Id. The second note, written at 6:31 p.m., read: No conclusion reached, multiple disagreements. No unamious [sic] decision reached." Id. at 2. At 6:52 p.m.,[2] the undersigned answered:

> You are still in the early phases of deliberations. I have arranged for the air-conditioning to remain on until 8 p.m. If you feel that the jury is beginning to get tired, we can adjourn for the evening and begin again tomorrow morning at 8:30 a.m. or 9:00 a.m. following a good night's sleep. You may also decide to continue your deliberations beyond 8 p.m. this evening. The choice is yours.

Id. The third and final note, written at 7:07 p.m., read: "Can majority rule of each question [or does each person have to agree]." Id. at 3. The language in the brackets was marked through by the jury. See id. At 7:22 p.m., the undersigned answered: "Your verdict on each questions must be unanimous. All of you must agree on the verdict." Id.

The Court will first consider Plaintiffs' renewed Rule 50 Motion for Judgment as a Matter of Law. A Rule 50 motion for judgment as a matter of law "will be granted only if the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict." Brown v. Bryan County, OK, 219 F.3d 450, 456 (5th Cir. 2000) (internal citation omitted). Conversely, "if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might

---

[1]The note reflects that the Court answered at 5:05 p.m. This time appears to be an error, as the jury wrote its note at 5:42 p.m. The correct time of reply was 6:05 p.m.

[2]The note reflects that the Court answered at 7:52 p.m. This time appears to be an error, as the jury returned its final verdict at 7:50 p.m. The correct time of reply was 6:52 p.m.

reach different conclusions, the motions should be denied." Id. In an action tried by a jury, a motion for judgment as a matter of law challenges the legal sufficiency of the evidence supporting the jury's verdict. See id. (internal citation omitted). The court must consider all of the evidence, drawing all reasonable inferences and resolving all credibility determinations in the light most favorable to the non-moving party. See id. (internal citation omitted). The court "may overturn a jury verdict only if it is not supported by substantial evidence, meaning evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." Id. at 457, citing Snyder v. Trepagnier, 142 F.3d 791, 795 (5th Cir.1998); see also McRay v. Peachey, No. 06-2794, 2009 WL 249772, *2 (E.D.La. Feb. 2, 2009) ("Thus, a jury verdict must be upheld unless there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did.").

Plaintiffs contend that "reasonable and impartial minds could not reach the conclusion the jury expressed in its verdict." Record Document 39-4 at 9. Plaintiffs specifically argued:

> Defendants put on no evidence or testimony to contradict the offered proof of future medical expenses, loss of enjoyment of life, loss of household services, past loss of earnings or capacity, future loss of earnings or capacity, and losses of consortium. Yet the jury ignored these legally established elements of loss. Yet the jury found liability, and found causation when it awarded 100% of the medical expenses included within Plaintiffs' Exhibit 1. The Court is urged to enter judgment for these elements of damage notwithstanding the jury's verdict.

Id.

The jury was tasked with determining the weight to give to the evidence presented and assessing the credibility of the witnesses. See Record Document 34 (Jury Instruction

Number 1). They were specifically instructed to weigh the testimony of all medical witnesses. See id. (Jury Instruction Number 4). The jury was told that it could also draw reasonable inferences from the testimony and exhibits. See Record Document 34 (Jury Instruction Number 1). As to causation, the jury was instructed:

> In a case such as the one before you, the Plaintiffs bear the burden of proving a causal relationship between the injuries sustained and the accident which caused the injury. . . . The test for determining the causal relationship between the accident and subsequent injury is whether the Plaintiffs proved through medical testimony that it is more probable than not that the injuries and subsequent damages were caused by the accident.
> The Plaintiffs are aided in their burden of proving causation by the following legal presumption:
>
>> A Plaintiff's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.
>
> In order to defeat this presumption, the Defendants must show some other particular incident could have caused the injury in question.

Id. (Jury Instruction Number 9). In assessing damages, the jury was also told not to deduct any sums for the percentages of fault assigned. See Record Document 37 at 2.

Here, the jury heard significant evidence regarding the position and movement of both vehicles and Mr. White's lookout and rate of speed. For example, the jury heard evidence that Mr. Embree's vehicle was moving slowly, that Mr. White failed to keep a proper lookout, and that Mr. White's rate of speed might have been imprudent under the circumstances. Likewise, the jury heard factual evidence and expert testimony as to the potential for a parking lot accident to cause severe injury, Mr. White's failure to complain of any injury at the scene of the accident, Mr. White's pre-existing degenerative disc

disease, and his chiropractic treatments prior to the accident. Pursuant to the jury instructions cited above, the jury was free to weigh all of the evidence presented at trial. The Court finds that the jury verdict in the instant matter was supported by substantial evidence. It appears that this jury reviewed and weighed the evidence, concluding that Mr. White proved his entitlement to recovery of only certain categories of damages. This is a case where a reasonable and fair-minded jury in the exercise of its impartial judgment could have reached different conclusions as to allocation of fault and damages; thus, the Court will not overturn the jury verdict.[3]

Alternatively, Plaintiffs have moved for a new trial on damages under Rule 59(a)(1), arguing that "the verdict is against the weight of the evidence, and damages awarded are patently inadequate." Record Document 39-4 at 9. Plaintiffs contend that fairness dictates a new trial, as "the jury ignored the proof reflected at trial and within the medical records." Id. at 10.

Rule 59(a)(1) provides, in pertinent part:

The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:

---

[3] Relying on Rule 50(c)(1), Plaintiffs further requested a conditional grant of a new trial on damages. See Record Document 39-4 at 9. Rule 50(c)(1) provides:

*If the court grants a renewed motion for judgment as a matter of law*, it must also conditionally rule on any motion for a new trial by determining whether a new trial should be granted if the judgment is later vacated or reversed. The court must state the grounds for conditionally granting or denying the motion for a new trial.

F.R.C.P. 50(c)(1) (emphasis added). Rule 50(c)(1) is inapplicable here, as this Court did not grant Plaintiffs' renewed motion for judgment as a matter of law. Therefore, Plaintiffs request for a conditional grant of a new trial on damages is **DENIED**.

>   (A)   after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court.

F.R.C.P. 59. A district court "may in its discretion set aside a jury verdict and order a new trial if the amount of the verdict is excessive or inadequate." Jones v. Wal-Mart Stores, Inc., 870 F.2d 982, 986 (5th Cir. 1989). When a party requests a new trial on such grounds, the court should not grant the motion "unless the verdict is against the great [weight], not merely the preponderance, of the evidence." Id. In a diversity case such as the instant matter, "state law determines the type of evidence that must be produced to support a verdict but the sufficiency or the insufficiency of the evidence in relation to the verdict is indisputably governed by a federal standard." Id. (internal citations and quotations omitted). Under the federal standard, "all the evidence must be viewed in a light most favorable to the jury's verdict." Id. at 987. The verdict "must be affirmed unless the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary conclusion." Id.

In this matter, the jury's verdict assessing 50% fault to Mr. White, awarding $127,960 in special damages for past medical expenses, and awarding $50,000 in general damages for past and future pain and suffering, scarring, disfigurement, disability, emotional anguish and distress is not against the great weight of the evidence. Rule 59 is not to be used to relitigate matters already addressed by the jury. See Taylor v. Frank's Supply Co., No. 06-444, 2008 WL 558262, 1 (W.D.Tex. Feb. 12, 2008). Here, the jury was tasked with determining credibility and heard disputed testimony regarding the cause of the accident and damages, including evidence pertaining to Mr. White's degenerative disc disease. Plaintiffs' Rule 59 motion on the grounds that the verdict was against the weight

of the evidence and that the damages awarded were patently inadequate is, therefore, denied.

Plaintiffs also seek a new trial on the grounds of an inconsistent verdict and/or a compromise verdict. See Record Document 39-4 at 11-18. Plaintiffs argue that "the jury verdict finding liability and causation, but failing to award proven damages, is inconsistent." Record Document 39-4 at 14. The Court is unpersuaded by this argument, as all of the cases cited by Plaintiffs refer to a jury verdict awarding special damages for medical expenses, but no award of general damages for pain and suffering. See Record Document 39-4 at 11-14.[4] Here, the jury awarded special damages for past medical expenses and general damages for past and future pain and suffering, scarring, disfigurement, disability, emotional anguish and distress. The jury also placed zeros in other categories, indicating that it exercised its discretion in determining the appropriate award of damages based on its weighing of the evidence. The Rule 59 motion on the

---

[4]Plaintiffs rely on Pagan v. Shoney's, Inc., 931 F.2d 334, 337 (5th Cir. 1991), wherein the Fifth Circuit stated:

> To award special damages for medical expenses and lost wages, but not for general damages-personal injury, pain and suffering, etc.-is, as a matter of Louisiana law, to err. Marcel v. Allstate Ins. Co., 536 So.2d 632, 635 (La.App. 1st Cir.1988), cert. denied, 539 So.2d 631 (La.1989). Failure or refusal to grant general damages to a plaintiff with objective injuries does not fall within the "much discretion" range which article 2324.1 of the Louisiana Civil Code allows the jury. Robinson v. General Motors Corp., 328 So.2d 751, 752 (La.App. 4th Cir.1976) (discussing La.Civ.Code Ann. art. 1934(3), now reenacted in art. 2324.1, and in other articles not relevant to this case). In a verdict upon interrogatories, a jury's "award of 'none' as damages for pain and suffering is not an exercise of discretion as to amount but [is] a refusal of an award." Id. at 752. Similarly, failing to write in any amount, not even $0.00, in response to an interrogatory is a refusal of an award, not an exercise of discretion.

ground of an inconsistent verdict is denied.

Plaintiffs' contention that jury notes and the timing of the verdict indicate confusion, turmoil, and "an inconsistent unanimous verdict which [was] an obvious compromise" is also unpersuasive. Record Document 39-4 at 17. "A compromise verdict occurs when a jury which is unable to agree on liability compromises that disagreement and awards inadequate damages." Brunet v. Clear Towing, Inc., No. 95-3013, 2997 WL 240750, *1 (E.D.La. May 8, 1997) . To determine whether a jury reached a compromise verdict, courts are to analyze the "totality of the circumstances" and consider "any indicia of compromise apparent from the record as well as other factors that may have caused the jury to reach an verdict for inadequate damages if the jury actually found liability." Id. Specific factors to weigh include: "(1) an inadequate award of damages; (2) whether the issues of liability were strongly contested; (3) whether the jury was confused; (4) whether the parties are satisfied with the verdict; (5) how long the jury deliberated; (6) whether the jury requested additional instructions; and (7) whether the jury had attempted to qualify its award in any way." Id. at *1-*2. There is no compromise verdict if the court finds another basis for an inadequate award of damages. See id. at *2. Further, a nominal or inadequate finding of damages alone does not automatically mandate the conclusion that a compromise verdict produced the award. See Pagan, 931 F.2d at 339.

Here, Plaintiffs do not engage in an analysis of the aforementioned factors, but simply point to the jury notes and the timing of the verdict as evidence of turmoil and confusion. Specifically, they contend:

> But consider the verdict with which they returned. The found fault – but split it 50/50. They awarded the totality of the past medical expenses. They rewarded a reduced sum for general damages, with the verdict form

> including a strike through of another amount.
> . . .
> There is no conceivable way to reconcile what the jury did – and the timing and content of the instructions, coupled with the sudden wrap up at a time when the jurors were facing a return the next day, scream compromise. Between 6:31 p.m. and 7:50 p.m., this jury made the leap from no conclusions with multiple disagreements to an inconsistent unanimous verdict which is an obvious compromise.
> A new trial should be granted on liability and damages.

Record Document 39-4 at 17-18.

The Court disagrees with Plaintiffs' protestations and finds insufficient evidence of a compromise verdict. As stated above, the jury's allocation of fault and damages award was supported by substantial evidence. This case does not represent a compromise verdict merely because the jury worked through issues together, as evidenced by its three notes, to reach a unanimous verdict. "Most all verdicts . . . are the product of a give and take between jurors. Such conduct does not amount to an improper compromise verdict." Kinetic Concepts, Inc. v. Bluesky Medical Corp., No. 03-832, 2007 WL 1113078, *4 (W.D.Tex. April 4, 2007). Moreover, looking at the totality of the facts and circumstances surrounding this case, Plaintiffs' reliance on a strike through of another amount for past and future pain and suffering, scarring, disfigurement, disability, emotional anguish and distress is not indicative of a compromise verdict. Rather, the scratched through amount simply demonstrates how the jury process works. See Behling v McDermott, Inc., No. 95-1841, 1997 WL 97225, *3 (E.D.La. March 6, 1997) ("In fact the scratched out answers referred to by the plaintiff simply high-lights how the process of deliberations work. Specifically, it shows how a jury progresses through the evidence and the charge and can change its mind before reaching a final verdict."). The verdict in this case was supported by the evidence and the Rule 59 motion on the ground of a compromise verdict is denied.

Accordingly,

**IT IS ORDERED** that the Motion for Judgment as a Matter of Law, Conditional Motion for New Trial, and Alternative Motion for New Trial (Record Document 39) filed by Plaintiffs Todd White and Ginger White be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 27th day of April, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE